UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| KENNETH L. HOLMES, Jr., | **REPORT** |
| | **and** |
| Plaintiff, | **RECOMMENDATION** |
| | ------------------------------- |
| v. | **DECISION** |
| | **and** |
| COMMISSIONER OF THE | **ORDER**[1] |
| INTERNAL REVENUE SERVICE, | |
| | 13-CV-0768A(F) |
| Defendant. | |

_____

APPEARANCES:   KENNETH L. HOLMES, JR., PRO SE
6447 Armor Road
Orchard Park, NY 14127

KATHRYN KENEALLY
Assistant Attorney General
Tax Division, U.S. Department of Justice
Attorney for Defendant
STEVEN DEAN,
Trial Attorney, Tax Division, of Counsel
U.S. Department of Justice Tax Division
P.O. Box 55 – Ben Franklin Station
Washington, D.C. 20044

**JURISDICTION**

This case was referred to the undersigned by Honorable Richard J. Arcara on July 25, 2013, for all pretrial matters, including preparation of a report and recommendation on dispositive motions. The matter is presently before the court on Defendant's motion to dismiss for lack of jurisdiction and for insufficient service of process (Doc. No. 2), filed January 17, 2014, and Plaintiff's motion to dismiss the

---

[1] Because Defendant's motion is dispositive and Plaintiff's motion is non-dispositive, both are addressed in this Report and Recommendation and Decision and Order.

1

Defendant's Dismissal motion (Doc. No. 6), filed November 07, 2014 ("Plaintiff's Motion to Dismiss").

## **BACKGROUND and FACTS**

Plaintiff Kenneth L. Holmes, Jr. ("Plaintiff" or "Holmes") commenced this action on July 25, 2013, seeking the following forms of relief: (1) a declaratory judgment that Defendant Commissioner of the Internal Revenue Service's ("Defendant") unreasonable delay in granting administrative remedies violates the Due Process Clause of the U.S. Constitution and the Administrative Procedure Act; (2) an Order granting an Office Interview Exam/Audit; (3) an injunction prohibiting Defendant from levying on Plaintiff's earnings for unpaid taxes, interest, and fees; and (4) an Order awarding attorney's fees and all other reasonable expenses incurred by the Plaintiff. On January 17, 2014, Defendant filed the instant motion (Doc. No. 2) ("Defendant's motion") seeking to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)") for lack of jurisdiction and Fed. R. Civ. P. 12(b)(5) ("Rule 12(b)(5)") for insufficient service of process, attaching the Memorandum in Support (Doc. No. 2-1) ("Defendant's Memorandum"), and exhibit 1 (Doc. No. 2-2) ("Defendant's Exh. 1"). On November 07, 2014, Plaintiff filed a document entitled "Plaintiff's Motion to Dismiss Defendant's Dismissal Motion" (Doc. No. 6) ("Plaintiff's Response"), in which Plaintiff argues that Defendant attempted to convert the due process complaint into a tax assessment and collection issue and that the Complaint is against the Defendant as an individual and not the United States. Oral argument was deemed unnecessary.

Based on the following, Defendant's motion to dismiss for lack of jurisdiction and insufficient service of process should be GRANTED; Plaintiff's motion to dismiss Defendant's dismissal motion is DENIED.

## DISCUSSION

**1.     Motion to Dismiss for Lack of Jurisdiction**

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction, asserting (1) the action is barred by sovereign immunity, Defendant's Memorandum at 2; (2) the declaratory relief claim is barred by the Declaratory Judgment Act, *id.* at 2-3; and (3) the injunctive relief claim is barred by the Anti-Injunction Act, *id.* at 3-4. Plaintiff asserts that subject matter jurisdiction exists under the Administrative Procedure Act, 5 U.S.C. §§ 701-06, the Federal Question Jurisdictional Statute, 28 U.S.C. § 1331, the Mandamus Statute, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "In deciding a Rule 12(b)(1) motion, the court may also rely on evidence outside the complaint." *Id.* at 417. In the instant case, for all the reasons stated by Defendant, Plaintiff has failed to establish this Court has subject matter jurisdiction.

First, with regard to Defendant's argument that the action is barred by the sovereign immunity, Defendant's Memorandum at 2, it is settled that "absent a waiver,

sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). It is further settled that any statutory waiver of immunity from suit is strictly construed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("'The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941))). *See Weisman v. Comm'r of IRS*, 103 F. Supp. 2d 621, 626 (E.D.N.Y. 2000) ("When a statutory waiver of immunity exists, a plaintiff must strictly comply with the conditions to suit outlined by the statute or corresponding regulation." (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996))).

In the instant case, Plaintiff relies on the Administrative Procedure Act, 5 U.S.C. §§ 701-06, the Federal Question Jurisdictional Statute, 28 U.S.C. § 1331, and the Mandamus Statute, 28 U.S.C. § 1361 to assert jurisdiction. However, it is well settled that none of these statutes waive sovereign immunity. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977) (holding that "the APA does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of agency action."); *Mack v. United States*, 814 F.2d 120, 122 (2d Cir. 1987) (determining that 28 U.S.C. § 1331 "does not constitute a waiver of sovereign immunity by the United States"); *Leopold v. U.S. Civil Service Com.*, 450 F. Supp. 154, 156 (E.D.N.Y. 1978) (holding that "the mandamus statute does not waive sovereign immunity"). "Such a waiver, if it exists at all, must be sought in the statute giving rise to the cause of action." *Mack*, 814 F.2d at 122.

Second, as to Defendant's argument that Plaintiff's claim for declaratory judgment relief is barred by the Declaratory Judgment Act, this Act "allows a federal

court to declare the rights and obligations of the parties properly before it in any case of actual controversy within its jurisdiction, except with respect to federal taxes." *S.E.C. v. Credit Bancorp, Ltd.*, 297 F.3d 127, 137 (2d Cir. 2002). In other words, the Declaratory Judgment Act prohibits federal courts from granting declaratory judgments in cases concerning federal taxes, with an exception for suits arising under section 7428 of the Internal Revenue Code. 28 U.S.C. § 2201(a) (2015); 26 U.S.C. § 7428 (2015). Section 7428 of the Internal Revenue Code relates to organizations that are tax-exempt. 26 U.S.C. § 7428 (2015). As this case concerns federal taxes and no exception applies, *see* 28 U.S.C. § 2201(a) (2015); 26 U.S.C. § 7428 (2015), this court lacks jurisdiction to declare that the Defendant unreasonably delayed in granting administrative remedies and that this delay violated the Plaintiff's due process rights.

Third, Defendant contends that Plaintiff's claim for injunctive relief is barred by the Anti-Injunction Act, which provides, in pertinent part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The purpose of the Anti-Injunction Act "is to protect 'the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund." *Randell v. United States*, 64 F.3d 101, 106 (2d Cir. 1995) (quoting *Bob Jones University v. Simon*, 416 U.S. 725, 736 (1974)). In other words, the Anti-Injunction Act withdraws jurisdiction from "federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 2 (1962). Accordingly, the effect of the Anti-Injunction Act is to "permit the United States to assess and collect

taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for remand." *Id.* at 5-6. Here, Plaintiff's request for an order restraining Defendant from collecting unpaid taxes strongly implies Plaintiff has not paid such taxes and, as such, Plaintiff cannot sue for a refund. *See* 28 U.S.C. § 1346(a)(1) (permitting suit in federal court against the IRS only "for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected. . . .").

There are two exceptions to the applicability of the Anti-Injunction Act in federal tax assessment and collection cases; however, neither of which applies here. The Anti-Injunction Act does not apply where the government could "under no circumstances" ultimately prevail and where an aggrieved party has no adequate remedy at law. *Enochs*, 370 U.S. at 7. As to the first exception, Plaintiff cannot make any showing that he will ultimately prevail in this action because, as discussed above, the Declaratory Judgment Act and sovereign immunity do not permit it. With regard to the second exception, Plaintiff is not without remedy because Plaintiff may, upon paying any taxes owed, subsequently file an administrative claim for a refund after which, should the administrative claim be denied, with his administrative remedies then exhausted, Plaintiff may commence a tax refund in this court. 26 U.S.C. § 7422 (2015). As such, the exceptions to the Anti-Injunction Act do not apply.

In Plaintiff's Response, Plaintiff argues that the Defendant attempted to transform his due process complaint into a tax assessment and collection issue and cites several regulations. These regulations state that "[c]ertain individual income tax returns identified as containing potential unallowable items are examined by Examination

Divisions at regional service centers" by office examination techniques. 26 C.F.R § 601.105(b)(2)(i)-(ii) (2015).  Plaintiff asserts that he made a formal appeal request under 26 C.F.R. § 605.106 (2015) which states "[a]n oral request is sufficient to obtain Appeals consideration in (1) all office interview or correspondence examination cases or (2) a field examination case if the total amount of proposed additional tax including penalties, proposed overassessment, or claimed refund . . . is $2,500 or less for any taxable period." 26 C.F.R. § 605.106 (2015). These regulations do not address the issue in the instant case, which is whether this court has subject matter jurisdiction to adjudicate this case.

Plaintiff further argues that his complaint is against the Defendant as an individual,[2] and therefore, the United States does not need to waive sovereign immunity, Plaintiff's Response at 5. Insofar as Plaintiff has sued the Commissioner of the IRS as an individual, Plaintiff still has failed to exhaust his administrative remedies. Accordingly, to resolve the instant tax dispute, Plaintiff should pay any taxes owed and subsequently file an administrative claim for a refund. *See* 26 U.S.C. § 7422 (2015).

Therefore, Defendant's motion (Doc. No. 2), seeking to dismiss the Complaint for lack of subject matter jursidcition should be GRANTED; Plaintiff's motion (Doc. No. 6), seeking to dismiss the Defendant's dismissal motion should be DENIED.

## 2. Motion to Dismiss for Insufficient Service of Process

Alternatively, Defendant moves to dismiss the Complaint for insufficient service of process, asserting (1) the Plaintiff failed to serve the United States Attorney's Office for the Western District of New York or the Attorney General of the United States; and

---

[2] The court notes that Plaintiff sued the Defendant as the Commissioner of the IRS, and thus, it appears Plaintiff sued Defendant only in his official capacity.

(2) the Plaintiff failed to serve the IRS Office of Associate Chief Counsel within 120 days after the Complaint was filed as required by Fed. R. Civ. P. 4(m). Plaintiff has not directly responded to any of Defendant's arguments, asserting instead that "the Defendant received the complaint in sufficient time to respond and a process service[] was selected in Washington, where Defendant's office resides." (Doc. No. 6).

With regard to Defendant's argument that the action should be dismissed for insufficient service of process, it is settled that "[i]n considering a motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Kantipuly v. United States*, No. 12-CV-932, 2014 WL 7177875, at * 3 (W.D.N.Y. Dec. 16, 2014). The plaintiff has the burden of proving sufficient service of process. *Id.*

In order to serve the United States and an officer or employee of the United States sued only in an official capacity, a party must provide "a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or mail a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office. Fed. R. Civ. P. 4(i)(1). In addition, the party is required to send a copy of both the summons and the complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. and to the employee. *Id.* To serve a United States employee in an individual capacity, "a party must serve the United States and also serve the officer or employee" according to Rule 4(e), (f), or (g). Fed. R. Civ. P. 4(i)(3).

In the instant case, although Plaintiff served the IRS Office of Associate Chief Counsel within 120 days, Plaintiff failed to mail a copy of the Complaint to the Attorney General of the United States at Washington, D.C. and to the United States Attorney's Office for the Western District of New York. Accordingly, the Court lacks personal jurisdiction over the defendants.

> "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m).

"A plaintiff's pro se status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m)." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013) (internal quotation omitted). Plaintiff did not allege or demonstrate good cause for his failure to effect sufficient service of process. Therefore, Defendant's motion seeking to dismiss the Complaint for insufficient service of process should be GRANTED.

**CONCLUSION**

Based on the foregoing, Defendant's motion to dismiss for lack of jurisdiction (Doc. No. 2), should be GRANTED; alternatively, Defendant's motion to dismiss for insufficient service of process (Doc. No. 2), should be GRANTED. Plaintiff's motion seeking to dismiss the Defendant's dismissal motion (Doc. No. 6), is DENIED. The Clerk of the Court should be directed to close the case.

Respectfully submitted, as to Defendant's motion to dismiss,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

SO ORDERED, with respect to
DENIAL of Plaintiff's Motion to Dismiss

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:	September 29, 2015
	Buffalo, New York

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT NOT LATER THAN 14 DAYS AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 29, 2015
             Buffalo, New York